Elizabeth "BB" Sanford
Texas Bar No. 24100618
THE SANFORD FIRM
2711 Hibernia St.
Dallas, Texas 75204
Telephone: (469) 361-9122
Facsimile: (214) 919-0113
*Local Counsel*

Shounak S. Dharap, CA Bar No. 311557 (lead counsel)
Katherine A. Rabago, CA Bar No. 333374
Robert C. Foss, CA Bar No. 275489
service@arnslaw.com
**ARNS DAVIS LAW**
515 Folsom St., 3rd Floor
San Francisco, CA 94109
Tel: (415) 495-7800
Fax: (415) 495-7888

John W. Billhorn Illinois Bar No. 6196946
jbillhorn@billhornlaw.com
**BILLHORN LAW FIRM**
53 W. Jackson Blvd., St. 1137
Chicago, IL 60604
312-853-1450

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JON-PAUL SALAZAR and MARTIN LEGACY on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GI ALLIANCE, INC.,<br><br>Defendant. | Case No. 3:25-cv-1301<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES**<br><br>DEMAND FOR JURY TRIAL |

TO THE HONORABLE COURT:

Plaintiffs Jon-Paul Salazar and Martin Legacy, on behalf of themselves and all others similarly situated, bring this action against Defendant GI Alliance, Inc. Plaintiffs allege, upon information and belief, the investigation of counsel, and the facts that are a matter of public record, as follows:

## I.    JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to the FLSA claims that they form part of the same case or controversy.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant maintains its headquarters and conducts substantial business operations within this district.

## II.    PARTIES

4. Plaintiff JON-PAUL SALAZAR ("Salazar") is an adult resident of Illinois. Since January 2022, Salazar has been employed by Defendant in its Midwest IT Division—first as a non-exempt "IT Support Technician I," then, after a unilateral title change in or about June 2023, as an "IT Field Engineer." Plaintiff regularly worked 55–60 hours per week but received only a fixed semi-monthly salary.

5. Plaintiff MARTIN LEGACY ("Legacy") is an adult resident of Illinois. From August 2022 to November 2024, Legacy was employed by Defendant in its Midwest IT Division—first as a non-exempt "IT Tech 1," then as a "Field Service Engineer." Plaintiff regularly worked 10-15 overtime hours per month but received only a fixed semi-monthly salary.

6. Defendant GI ALLIANCE, INC. is a corporation organized under the laws of the State of Delaware with its headquarters and principal place of business located in Dallas, Texas. GI Alliance is one of the nation's largest gastroenterology practices, with operations across multiple states, including Texas, Illinois, Arizona, Utah, Washington, and Arkansas, among others.

7. At all relevant times, Defendant has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

8. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

### III.  FACTUAL ALLEGATIONS

9. Defendant operates a network of gastroenterology practices across the United States, with a significant presence in Texas, Illinois, and several other states.

10. Defendant employs IT Technicians, including those classified as "IT Support Technician I," "IT Field Engineer," or similar titles, to provide technical support to its various facilities and staff.

11. Plaintiffs and other similarly situated employees were employed by Defendant as IT Technicians providing various forms of technical support, including helpdesk services, system maintenance, troubleshooting, and other IT-related duties.

12. Despite classifying Plaintiffs and other similarly situated employees as exempt from overtime requirements, their primary job duties did not involve the exercise of discretion and independent judgment with respect to matters of significance, management of the enterprise or a department thereof, or the performance of work requiring advanced knowledge in a field of science or learning.

13. Instead, Plaintiffs and other similarly situated employees primarily performed technical work that followed established procedures and guidelines, addressing routine IT issues and implementing predetermined solutions.

14. Plaintiffs and other similarly situated employees regularly worked more than 40 hours per week without receiving overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

15. Defendant knew or should have known that Plaintiffs and other similarly situated employees worked overtime hours without proper compensation but failed to accurately track and compensate these overtime hours.

16. Defendant's failure to pay overtime wages to Plaintiffs and other similarly situated

employees was willful.

## IV. FLSA COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs bring this action on behalf of himself and all other similarly situated employees pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following class:

> All current and former employees of Defendant who worked as IT Technicians, IT Support Technicians, IT Field Engineers, or in other similarly titled positions throughout the United States, at any time during the three years prior to the filing of this Complaint through the entry of judgment in this case (the "FLSA Collective").

18. Plaintiffs and the putative FLSA Collective members are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, *inter alia*, they all were subject to Defendant's common policy and practice of misclassifying them as exempt from the overtime requirements of the FLSA and failing to pay them overtime compensation at a rate of one and one-half times their regular hourly rate for all hours worked over 40 in a workweek.

19. Questions of law and fact common to Plaintiffs and the FLSA Collective include, but are not limited to:

- Whether Defendant misclassified Plaintiffs and the FLSA Collective members as exempt from the overtime requirements of the FLSA;
- Whether Plaintiffs and the FLSA Collective members worked more than 40 hours per workweek;
- Whether Defendant failed to pay Plaintiffs and the FLSA Collective members overtime compensation at a rate of one and one-half times their regular hourly rate for all hours worked over 40 in a workweek; and
- Whether Defendant's violations of the FLSA were willful.

20. Plaintiffs estimate that the FLSA Collective, including both current and former employees over the relevant period, will include hundreds of individuals, the precise number of which will be ascertained through discovery. The names and addresses of the FLSA Collective members are available from Defendant's records.

21. Plaintiffs' claims are typical of those of the FLSA Collective's claims because Plaintiffs, like all FLSA Collective members, were employed as IT Technicians, were misclassified

Class and Collective Action Complaint and Jury Demand
3

as exempt employees, worked more than 40 hours per workweek, and were not paid overtime compensation for all overtime hours worked.

## V.     RULE 23 CLASS ACTION ALLEGATIONS

22.     Plaintiffs further brings this action on behalf of pursuant to Fed. R. Civ. P. 23(a) and (b) on behalf of himself and the following Illinois class:

> All current and former employees of Defendant who worked as IT Technicians, IT Support Technicians, IT Field Engineers, or in other similarly titled positions in the State of Illinois at any time during the three years prior to the filing of this Complaint through the entry of judgment in this case (the "Illinois Class").

23.     The Illinois Class is so numerous that joinder of all members is impracticable. While the exact number of the Illinois Class is unknown to the Illinois Plaintiffs at this time, upon information and belief, the class comprises more than 20 individuals.

24.     There are questions of law and fact common to the Illinois Class, including but not limited to:

- Whether Defendant misclassified the Illinois Class members as exempt from the overtime requirements of the IMWL;
- Whether the Illinois Class members worked more than 40 hours per workweek;
- Whether Defendant failed to pay the Illinois Class members overtime compensation at a rate of one and one-half times their regular hourly rate for all hours worked over 40 in a workweek as required by the IMWL; and
- The proper measure of damages.

25.     The Illinois Plaintiffs' claims are typical of those of the Illinois Class's claims because the Illinois Plaintiffs, like all Illinois Class members, were employed as IT Technicians in Illinois, were misclassified as exempt employees, worked more than 40 hours per workweek, and were not paid overtime compensation for all overtime hours worked.

26.     The Illinois Plaintiffs will fairly and adequately protect the interests of the Illinois Class. The Illinois Plaintiffs have retained counsel experienced in complex wage and hour class and collective action litigation.

27. Common questions of law and fact predominate over any questions affecting only individual members of the Illinois Class, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

**VI.     FIRST CAUSE OF ACTION (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.)
Failure to Pay Overtime Wages**

28. Plaintiffs reallege and incorporates by reference all preceding paragraphs as if they were set forth again herein.

29. Plaintiffs bring this cause of action on behalf of himself and the FLSA Collective.

30. The FLSA requires covered employers, such as Defendant, to pay non-exempt employees no less than one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a)(1).

31. Throughout the relevant time period, Plaintiffs and the FLSA Collective members regularly worked more than 40 hours per workweek.

32. Throughout the relevant time period, Defendant misclassified Plaintiffs and the FLSA Collective members as exempt from the overtime requirements of the FLSA.

33. Throughout the relevant time period, Defendant failed to pay Plaintiffs and the FLSA Collective members overtime compensation for all hours worked over 40 in a workweek, as required by the FLSA.

34. Defendant knew or should have known that Plaintiffs and the FLSA Collective members were non-exempt employees entitled to overtime compensation under the FLSA.

35. Defendant's failure to pay Plaintiffs and the FLSA Collective members overtime compensation for all hours worked over 40 in a workweek was willful and not in good faith.

36. As a result of Defendant's violation of the FLSA, Plaintiffs and the FLSA Collective members have suffered damages in the form of unpaid overtime wages.

37. Plaintiffs and the FLSA Collective members are entitled to unpaid overtime wages, liquidated damages, reasonable attorneys' fees, and costs, pursuant to 29 U.S.C. § 216(b).

**VII.  SECOND CAUSE OF ACTION (Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*.)- Failure to Pay Overtime Wages**

38. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

39. The IMWL requires covered employers, such as Defendant, to pay non-exempt employees no less than one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek. 820 ILCS 105/4a(1).

40. Throughout the relevant time period, the Plaintiffs and the Illinois Class members regularly worked more than 40 hours per workweek.

41. Throughout the relevant time period, Defendant misclassified the Plaintiffs and the Illinois Class members as exempt from the overtime requirements of the IMWL.

42. Throughout the relevant time period, Defendant failed to pay the Plaintiffs and the Illinois Class members overtime compensation for all hours worked over 40 in a workweek, as required by the IMWL.

43. Defendant knew or should have known that the Plaintiffs and the Illinois Class members were non-exempt employees entitled to overtime compensation under the IMWL.

44. Defendant's failure to pay the Plaintiffs and the Illinois Class members overtime compensation for all hours worked over 40 in a workweek was willful and not in good faith.

45. As a result of Defendant's violation of the IMWL, the Plaintiffs and the Illinois Class members have suffered damages in the form of unpaid overtime wages.

46. The Plaintiffs and the Illinois Class members are entitled to unpaid overtime wages, statutory damages, reasonable attorneys' fees, and costs, pursuant to 820 ILCS 105/12(a).

**JURY DEMAND**

47. Plaintiffs request a trial by jury to the extent allowed by law.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, permitting them to assert timely

FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  B. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b) on behalf of the Illinois Class and appointment of Plaintiffs as Class Representatives and their counsel as Class Counsel;

  C. An award of unpaid overtime wages due under the FLSA and the IMWL;

  D. An award of liquidated damages under the FLSA;

  E. An award of statutory damages under the IMWL;

  F. An award of prejudgment and post-judgment interest;

  G. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

  H. Such other and further relief as this Court deems just and proper

         Respectfully Submitted,

Dated: May 23, 2025

         */s/ Elizabeth B. Sanford*
         Elizabeth "BB" Sanford
         **THE SANFORD FIRM**
         2711 Hibernia St.
         Dallas, Texas 75204
         Telephone: (469) 361-9122
         Facsimile: (214) 919-0113
         *Local Counsel*

         Shounak S. Dharap (lead counsel)
         Katherine A. Rabago
         **ARNS DAVIS LAW**
         515 Folsom Street, Third Floor
         San Francisco, CA 94105
         Telephone: (415) 495-7800
         Facsimile: (415) 495-7888
         *Pro hac vice pending*

>John W. Billhorn Illinois Bar No. 6196946
>jbillhorn@billhornlaw.com
>**BILLHORN LAW FIRM**
>53 W. Jackson Blvd., St. 1137
>Chicago, IL 60604
>312-853-1450
>*Pro hac vice pending*
>
>*Attorneys for Plaintiffs*